**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LIONEL DRAKE,

                Plaintiff,

v.                                      Case No. 08-2592-KHV-GLR

RESER'S FINE FOODS, INC.,

                Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Compel Discovery (doc. 14). Plaintiff moves the Court to compel Defendant to produce responses to all of Plaintiff's Second Interrogatories to Defendant. Plaintiff states in support of his motion that "[he] made a good faith effort to resolve this discovery matter by sending an e[-]mail to Defendant[']s lawyer, who responded by saying go ahead and file the motion to compel."

Fed. R. Civ. P. 37(a)(1) requires any motion to compel discovery to include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

In conjunction with Fed. R. Civ. P. 37, District of Kansas Rule 37.2 provides:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.
>
>                 *    *    *
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.

The purpose of the local rule is to encourage the parties to satisfactorily resolve their

discovery disputes prior to resorting to judicial intervention.[1]  Meet and confer requirements are not satisfied "by requesting or demanding compliance with the requests for discovery."[2]  The parties must determine precisely what the requesting party is actually seeking, what responsive documents or information the discovering party is reasonably capable of producing, and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[3]

The efforts to confer before filing the motion appear minimal and cursory at best.  Reasonable effort to confer requires that the parties "in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[4]  Plaintiff's e-mail to Defendant's counsel falls short of this required level of conferring.  Plaintiff can fulfill his duty to confer by initiating further communication with Defendant's counsel to discuss the parties' respective positions regarding Plaintiff's Second Interrogatories.  After Plaintiff has made reasonable efforts to confer with Defendants' counsel, and the parties remain unable to resolve their dispute, he may file another motion to compel.

Based upon the present briefing, the Court notes that some or all of the interrogatories propounded by Plaintiff may appear on their face to seek information irrelevant to the claims and defenses asserted in this case.  The Court makes no ruling on the issue of relevancy at this point, but directs Plaintiff and defense counsel to consider this possibility in their further discussions.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (doc. 14)

---

[1] *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ. A. 98-2138-KHV, 1999 WL 386949, at *1 (D. Kan. June 8, 1999).

[2] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[3] *Id.*

[4] D. Kan. Rule 37.2.

is denied without prejudice to refiling, as set forth herein.

Dated in Kansas City, Kansas, this 2nd day of June, 2009.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc: All counsel and *pro se* parties